By the Court, Nelson, Ch. J.
I am unable to discover any principle upon which to sustain the judgment of the common pleas. J. P. Amidon paid the judgment against M’Coy out of the plaintiff’s funds, and this fact was known to the defendant at the time the payment was made ; and whether paid at his request, or the request of M’Coy, or of any other bystander, cannot alter the legal rights of the plaintiff. I place no stress upon the fact that the plaintiff’s brother was under age, and incompetent to bind himself by an agreement to pay the debt of a third person. He was competent to act as agent for the plaintiff, and, had any authority existed to pay the money in question to the defendant on behalf of M’Coy, the act w'ould have been valid and binding. But here was a total want of any such authority, and that fact known to the defendant at the time. The money received by him, therefore, was the plaintiff’s money, and must be regarded as having been received and as still held for the plaintiff’s use. (Anonymous, 1 Salk. 289 ; Bull. N. P. 35 ; 2 Comyn on Cont. 44.) The ■defendant in my judgment has shown no more right to the *139 application of this money for the purpose claimed, as it respects the title of the plaintiff, than if it had been in the defendant’s hands on deposite, or had been collected by him, or in any other way received in the course of business, to be paid over when called for by the plaintiff.
Had the defendant received the money under the circumstances of this case, upon a demand of his own against M’Coy, it cannot be doubted for a moment that the payment would have been void, and he liable to refund the amount to the plaintiff; (Dumond's adm’rs v. Carpenter, 3 Johns. R. 183 ;) and the fact that he received it as clerk of the court, with full notice of all the circumstances, does not make the case more favorable for him. I admit, if the money had been received in ignorance that it belonged to the plaintiff, and had been paid into the city treasury before notice, the defendant would not have been liable. But here, the defendant was advised of the plaintiff’s ownership, and admonished that there was no authority thus to apply the money ; and if he did so, (which does not indeed appear in the case,) it was paid over in his own wrong. (Sadler v. Evans, 4 Burr. 1985 ; Cox v. Prentice, 3 Maule & Selw. 344 ; Edwards v. Hodding, 5 Taunt. 815 ; Horsfall v. Handley, 8 id. 136 ; Saund. Pl. & Ev. 672.)
Judgment reversed.